[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is a hearing in damages claimed by the plaintiffs against the defendants. The file discloses that the defendants represented themselves until the plaintiffs claimed the matter for a hearing in damages. At that time Attorney Vincent J. Candelora entered an appearance on their behalf.
The background, briefly, is as follows. The defendants, by written lease, rented a house from the plaintiffs located at 34 Laurel Crest Road, Madison. The lease was effective from August 25, 1995 and ended on August 31, 1996. It provided that the defendants, with the owner's consent could hold over and a new tenancy from month to month was created. However, difficulties arose. The plaintiffs claimed that part of the August 1996 rent had not been paid; that utilities had not been paid; that the lawn maintenance bill had not been paid and certain cleaning remained to be done.
The defendants had made a security deposit of $1,600 which the plaintiffs still possessed.
By letter, plaintiff's Exhibit 3, dated May 27, 1997, the plaintiffs listed their demands for payment of various items amounting to $2,553.94 plus certain cleaning to be done. The list does not include removal of dog stain as the plaintiffs were not aware of the condition at that time. The stain pictures are all stamped 97/6/14. CT Page 15065
However, by letter dated July 9, 1997, plaintiffs Exhibit 7, the plaintiffs wrote that the plaintiffs had taken possession of the property on June 12, 1997 because it was abandoned. The plaintiffs also listed claims which they alleged were owed the plaintiffs in the amount of $7,267.95 and demanded payment.
It should be noted that during this period of time, the plaintiffs were negotiating the sale of their house with an actual closing taking place on June 27, 1997, defendant's Exhibit A.
The file also reflects that the new owner (Baycraft) also paid a bill dated June 24, 1997 in the amount of $1,000 for refurbishing their new home.
The defendants under section 17-40, Practice Book, may, without notice, offer evidence to reduce the amount of damages claimed. But the defendants persisted in acting as their own attorney in the matter and the result was a long disaster. (See file).
Attorney Candelora came in on the last day. Through his efforts, the defendant testified that they had never abandoned the house, that they had securely locked doors and windows when they left and that they had made arrangements for cleanup and repairs people to start on the next day.
In any event, it would appear that the plaintiffs would have had to spend $5,200 for cleanup and repairs. The plaintiffs already possessed $1,600 of the defendant's money (security deposit). They may keep that sum, plus judgment may enter against both defendants in the amount of $3,600.
Mulvey, Judge Trial Referee